IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 20 2016

CLERK, U.S. DISTRICT COURT
By _____
        Deputy
```

| | | |
|---|---|---|
| DEMIL PEOPLES, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-485-A |
| | § | (NO. 4:02-CR-174-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for consideration is a motion filed by
Demil Peoples ("movant") on June 17, 2016, titled "Motion Under
28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a
Person in Federal Custody."

As reflected by the judgment signed April 17, 2003, in Case
No. 4:02-CR-174-A, movant was sentenced on April 11, 2003, to a
term of imprisonment of 240 months based on his conviction
resulting from a plea of guilty to the offense of Conspiracy to
Possess with Intent to Distribute More than Five Kilograms of a
Mixture and Substance Containing Cocaine and 50 Grams or More of
a Mixture or Substance Containing Cocaine Base.  No. 4:02-CR-174-
A, Doc. 622 at 1.  The sentence was a below-guideline sentence.
The guideline sentencing range was 262 to 327 months.  Id. at 4.
His statutory range for sentence of imprisonment was ten years to

life.  No. 4:02-CR-174-A, Presentence Report at 1 & 19, ¶ 97.
Movant did not appeal from the April 17, 2003 judgment, with the
consequence that his judgment became final in late-April 2003.
His § 2255 motion is untimely unless he qualifies for an
exception to the limitation period of one year from the date on
which the judgment of conviction becomes final, as specified by
28 U.S.C. § 2255(f)(1).

Movant maintains that the ruling of the Supreme Court in
Johnson v. United States, 576 U.S. ____, 135 S. Ct. 2551 (2015),
which was made retroactive by the Supreme Court's ruling in Welch
v. United States, 136 S. Ct. 1257 (2016), operates to cause the
limitation period to be extended by reason of the provision of
§ 2255(f)(3), which reads as follows:

> (f) A 1-year period of limitation shall apply to a
> motion under this section. The limitation period shall
> run from the latest of ---
>
> (3) the date on which the right asserted was
> initially recognized by the Supreme Court, if that
> right has been newly recognized by the Supreme Court
> and made retroactively applicable to cases on
> collateral review . . . .

28 U.S.C. § 2255(f)(3).

Movant's guideline sentencing range was as high as it was by
reason of movant's status as a "Career Offender" within the

meaning of USSG §4B1.1, which in the November 1, 2002 version of the Sentencing Guidelines was worded as follows:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence of a controlled substance offense.

USSG §4B1.1(a)(eff. Nov. 1, 2002).[1]  Application of the career offender status to movant caused his Base Offense Level to be 37 rather than the 24 it otherwise would have been, and caused his Criminal History Category to be VI rather than the V it otherwise would have been.  No. 4:02-CR-174-A, Presentence Report at 9, ¶¶ 55 & 61; 13, ¶ 72.

The probation officer found that movant qualified as a career offender within the meaning of §4B1.1(a) based on the facts that (1) he was at least eighteen years of age at the time he committed the offense of conviction, (2) the offense of conviction was a felony that was a controlled substance offense, and (3) he had at least two prior felony convictions for crimes of violence and a controlled substance offense. No. 4:02-CR-174-A, Presentence Report at 9, ¶ 61.  The two prior felony

---

[1] All references to the Sentencing Guidelines in this opinion will be to the November 1, 2002 version.

convictions for crimes of violence to which the probation officer referred were involuntary manslaughter and assault bodily injury convictions, _id._ at 67 & 68, and the controlled substance offense conviction to which the probation officer referred was a conviction for possession with intent to deliver a controlled substance: cocaine, _id._ at 11, ¶ 66.

In determining that there were two prior felony convictions for crimes of violence, the probation officer would have been referring to USSG §4B1.2(a)(1) and Application Note 1 of the Commentary, which read, in pertinent part, as follows:

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, . . .

. . . .

*Commentary*

*Application Notes*:

*1. For purposes of this guideline--*

. . . .

*"Crime of violence" includes . . .*
*manslaughter, . . . aggravated assault . . . .*

USSG §4B1.2(a)(1) & comment. (n.1).

4

The applicable definition of "controlled substance offense" upon which the probation officer would have relied was as follows:

> (b) The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.
>
> . . . .
>
> *"Crime of violence" and "controlled substance offense" include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses.*

USSG §4B1.2(b) & comment. (n.1).

Movant's reliance on <u>Johnson</u> seems to be that he should not have been given a career offender status because the term "crime of violence" as used in §4B1.1(a) and as defined in §4B1.2(a) has the same level of vagueness that 18 U.S.C. § 924(e)(2)(B)(ii) had that caused the Supreme court to rule in <u>Johnson</u> that the "otherwise involves conduct that presents a serious potential risk of physical injury to another" language in §924(e)(2)(B)(ii) is unconstitutional under the void-for-vagueness doctrine.

The court has concluded for multiple reasons that movant's reliance on Johnson and Welch is misplaced, and that his § 2255 motion should be dismissed as untimely.

First, the Supreme Court has made abundantly clear that the limitation period of § 2255 is to be strictly construed in accordance with the words used by Congress. Dodd v. United States, 545 U.S. 353, 359 (2005). And, that is so even if the result is harsh. Id. See Fierro v. Cockrell, 294 F.3d 674, 684 (5th Cir. 2002)(noting that the limitations period is strictly applied and "subject only to the narrowest of exceptions").

The holding in Johnson is that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. In particular, the Court says that its decision does not call into question any other provision of the Act. Id. And, in Welch, the Court reminded: "Johnson considered the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B)(ii). The Court held that provision void for vagueness." 136 S. Ct. at 1260-61 (emphasis added). The Court concluded, "Johnson announced a substantive rule that has retroactive effect in cases on collateral review." Id. at 1268.

The right announced in Johnson specifically pertains to 18 U.S.C. § 924(e)(2)(B)(ii). The Guideline provisions at issue

in movant's sentencing, USSG §§ 4B1.1 and 4B1.2, were not at issue in <u>Johnson</u>.  The right asserted by movant is not "the right . . . [that] has been newly recognized by the Supreme Court and made retroactively applicable."  Accordingly, § 2255(f)(3) does not apply, and movant's motion is untimely.

Second, misapplication of the Sentencing Guidelines is not a claim cognizable under § 2255.  See <u>United States v. Williamson</u>, 183 F.3d 458, 462 (5th Cir. 1999).

Third, under Fifth Circuit law "a defendant cannot bring a vagueness challenge against a Sentencing Guideline because a defendant is not entitled to notice of where within the statutory range the guideline sentence will fall."  See <u>United States v. Wilson</u>, 622 F. App'x 393, 405 n.51 (5th Cir. 2015); <u>see also</u> <u>United States v. Pearson</u>, 910 F.2d 221, 223 (5th Cir. 1990)(citing <u>United States v. Jones</u>, 905 F.2d 867 (5th Cir. 1990)).  For a recent opinion that gives full and complete explanations as to why the unconstitutional-for-vagueness doctrine does not apply to provisions of the Guidelines, the court makes reference to the 2015 opinion of the Eleventh Circuit in <u>United States v. Matchett</u>, 802 F.3d 1185 (11th Cir. 2015).  In <u>Matchett</u>, the Eleventh Circuit considered, and found unpersuasive, what appears to have been every argument that could

be made in support of a contention that the Sentencing Guidelines can be subject to an attack of unconstitutional vagueness.

    <u>Finally</u>, movant is incorrect in his assumption that the probation officer relied on Guideline language similar to the 18 U.S.C. § 924(e)(2)(B)(ii) language found in <u>Johnson</u> to be unconstitutional.  The prior convictions for a crime of violence used by the probation officer quite clearly came within the scope of §4B1.2(a)(1) and the Application Note that made clear that "crime of violence" includes manslaughter and aggravated assault.

    For each and all of the reasons given above, the court has concluded that movant's motion under § 2255 is untimely, and should, therefore, be dismissed.

    The court ORDERS that the motion under 18 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody filed by movant on June 17, 2016, be, and is hereby, dismissed.

    Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby,

denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED June 20, 2016.


JOHN MCBRYDE
United States District Judge